Mike Penrose, MD Mr. Penrose, MD Ms. White Thank you very much. Good morning your honors and may it please the court. My name is Shelby White and I'm here on behalf of the Phillips estate and the Phillips family. This case is about the 12b6 pleading standard and the right to amend. In particular this district's courts the district courts ruling in this case set a evidentiary standard requirement that is not what this court requires in terms of the 12b6 pleading standard. The first thing I want to talk about is that our pleading is sufficient under 12b6 to allege in particular a defect in the product. I guess this this is neither for against either side but no court has ever looked at the evidence to assess that. Isn't isn't the issue really the threshold question correct me if I'm wrong we've got a consolidated set of appeals but your argument as to reversing what I'll call Phillips 2 turns entirely on the error of dismissing Phillips 1 with prejudice. Yes. Okay so maybe help me start there why did the district court abuse discretion when it dismissed Phillips 1 with prejudice? Two reasons first because the pleading was sufficient and second if they found the pleading to be. But I thought I'm sorry I'm just in a row I thought he found that the the basis to dismiss was the failure to give pre-suit notice. So the district court rules basically says you cannot fix your defect in your sorry you cannot fix your pleading as to your defect and I don't think you can fix it and I it's futile and so I'm not giving you an opportunity to amend. As to the notice issue the magistrate and which we agree with the magistrate he said the dismissal should be without prejudice. Right but then the district court didn't accept that recommendation. It dismissed with prejudice. I guess the question to you is is there any Texas State case that tells us that it's an abuse to dismiss with prejudice? Is the cure only dismissed without prejudice and is that necessary for your argument? I do think we need a dismissal without prejudice for Phillips 2 to be not raised to the cottom. We have to establish that it was an abuse for him to dismiss with prejudice. I understand he didn't follow the magistrate. Yes. But maybe you couldn't possibly have taken protective actions to protect yourself from that if you yourself dismissed voluntarily after the report and recommendation came out So after the report and recommendation came out we issued we... You said we accept that. Go with it. We did not dismiss ourself but we did refile suit at that time in state court. So that state court suit and to kind of set you on the timeline when the magistrate made its recommendation within a few days we said fine that's a lovely decision we agree with it we will file a new suit in state court and then right immediately after that we asked the district court to adopt the magistrates recommendation. And that's because you're both struggling to find out who the actual defendant is but also you now want to have an amended complaint that describes more product defect. Yes we did add more product defect allegations and particularly included pictures of the staples and things like that but the other thing was in particular we had new defendants that we had new discovery showing that there were other possible sellers at issue here and we thought we have the right to sue these people as sellers that we don't have a pre-suit notice issue with them we would just restart this in state court. Might help me just quickly and I bet you both could do it what's the sequence of defendants that you identified and why and who got notice? Sequence of defendants so first we had the the inventors or I'm saying that name wrong but the first defendant that we Dr. Love additionally initially identified and we sued them initially and Dr. Love said wait wait wait I'm sorry that's totally the wrong defendant and that's not even a J&J entity. That was used and then we all figured out they said we could have never sold you that stapler at this time this is not us so we dismissed them now we figure out from Dr. Love and his testimony he says oh it must have been the Ethicon stapler and so we said perfect we will sue the Ethicon defendants and so that is originally we sued Johnson & Johnson Healthcare I don't think we put Ethicon LLC in there the first time around but we did include Ethicon Endosurgery which we then narrowed down based on discovery that they presented we narrowed it down and said Ethicon Endosurgery they claimed was both the manufacturer and the person who put it into the stream of commerce and so that is when the first motion to dismiss came around so the first motion to dismiss sorry we filed suit against the Johnson & Johnson entities on May 9th the first motion to dismiss was on June 23rd and then we went through some discovery as to which were the proper parties and we amended our complaint on January 5th 2024 at that point the district court had not looked at or ruled on that motion to dismiss and so it was mooted by our amendment where we narrowed the claims and we narrowed the parties to just be Johnson & Johnson excuse me to just be Ethicon Endosurgery at that point discovery continues they file another motion to dismiss basically saying the complaint is insufficient and we at that point on April 24th sorry so they filed their second motion to dismiss on January 22nd 2024 not long after we amended our complaint then we respond on January 26th it's not until April of 2024 that we take the deposition of a one of the women that worked at the hospital and she said your dates are wrong what we thought was the part of the reason we did not sue Johnson & Johnson Healthcare and part of the reason we agreed to dismiss them was because when we looked at the order of the product showing when it had arrived it showed that it did not arrive until after mr. Phillips surgery and so we thought reasonably he can't pause that can't possibly be the seller because that product did not arrive at the time of his surgery then we take the deposition in April 2024 and this hospital staff member says no that product actually arrived earlier and it was the product that was used in her surgery and so based on that information we said actually Johnson & Johnson healthcare is the seller or at least we have reasonable belief based on that they are a seller and so we wanted to add them back in in addition we received information from mr. Hudson my friend on the other side that Ethicon LLC was also a seller in the chain and so at that point we wanted to amend to add J&J healthcare back in and to add Ethicon LLC back in. Fair to say though amendment would not ever cure the pre-suit notice problem. Amendment would have cured the pre-suit notice problem as to the J&J healthcare and Ethicon LLC because they did have pre-suit notice at that time. Yes but not as to... It would not have cured it as to Ethicon endosurgery. Is that what the court said was therefore futile? So the the court took the position that there was a problem with the way that we alleged the defect of the state where he said it was not sufficient. He also took issue or excuse me the magistrate and the district court also took issue with the notice but more in particular they said the amendment would be futile because you haven't shown how you can properly allege a defect and our position is that the complaint is sufficient to allege a defect and as to the notice if we had been dismissed without... When you say the complaint the original complaint or you're relying on the operative complaint because at that point you had the photos of the staples the U versus the B. I think there's actually... Correct me happily if I've got it wrong. There is the first amendment there's the original complaint which... Pretty bare bones looks like sort of race hipster to me just to be blunt and it may just be you didn't have much discovery about a medical device but there was more well Dr. Love said he did a good job and I've ruled out all the other things obesity and gender and immunity and therefore since it went wrong it must have been the product. Yes so that is... That's problematic. That's still how the second complaint is put together. Okay. The after the district court dismissed with prejudice we filed a motion for reconsideration we said your honor we would like to add these additional parties and here is how we would amend the complaint to further allege a defect and that is the one that has the pictures of the staples showing it did not make a U shape. We are taking the position that the original and the first amended pleading are sufficient to allege a product defect because... But if you're wrong on that do you still win? I think we still win because we should still have an opportunity to amend. The issue or at least we should have an opportunity to amend and the dismissal should be without prejudice so that we could cure notice on refiling. The opportunity to amend issue comes in with the fact that the district court did not look at consider or touch or rule on the original motion to dismiss so the first time that the district court looked at our pleading and looked at the sufficiency of the complaint he said this is futile there's no point in amending you have not shown me that you could amend this to fix it as to the defect and that we disagree with because we think we can't we should have had the opportunity to amend as to the defect or at least to show the court that we could amend and taking this position that we had already had an opportunity I think misconstrues the way that rule 15a and right to amend pleading should be looked at. The fact that the defendants have alleged we have a defect in our pleadings I don't think is noticed to us that something needs to be fixed that the district court is going to rule that way if that makes sense. And what's the relevance of mediation in this case? The relevance of the mediation comes to the timing of when we amended our complaint so we had a early July excuse me we had a July 1st deadline to amend our pleadings for the scheduling order at that point we were looking at a June 26 mediation deadline and we informed opposing counsel coming up to that mediation deadline we now have some evidence that these other J&J entities might be sellers we would like to amend our pleading and they said please don't do that until after the mediation is over we think that will affect our right to get permission from Ethicon to settle and so we said that's fine we will wait until after because if June 26 was the mediation then we would have until July 1st to still amend. The issue was that after the magistrate's report was issued on June 6 they canceled the mediation and said we're not mediating anymore and so we said okay well we will take the magistrate's report and recommendation as it is and we will refile. Keep going that's very helpful thank you. Okay I just want to make sure the timeline I think is probably the most confusing part and so I want to make sure that we're all clear on that. I do want to talk about I know I think you will probably have some questions about the Ray Cipsa issue on pleading and I think I want to state our position clearly on that. What we have alleged is that there is a hole in his in the staple line the adhesion and that the way that that could have occurred was because the staples did not staple properly. In terms of u-shape or v-shape as to the forming of the staples that is an allegation we made later but I don't think that that is a necessary allegation in order to sufficiently plead a defect because as you said we laid out here here is what happened to him he's got a hole in his intestinal lining that should not be there it is where the staples are and we look at every possible cause that that could be I know the magistrate mentioned maybe he you know ate some food he wasn't supposed to eat maybe it was tension or torsion or all these other things if any of those had happened there would have been other symptoms such as tearing at the suture line or the staple line because we don't have any of that the pathologist looks at and she said is this is a clean a clean hole basically the only way you can get that is because the staples didn't staple properly the only way staples do not staple properly is that they don't form the shape they're supposed to form and so that's our allegation as to why the cleaning would be sufficient so dr love says he's done this thousands of times he did a good job yes other reasons these things break open he didn't see and then separately the pathologist says tissue's good yes correct and the way that when you're looking at implied warranty of merchantability claims texas law says it can be proved by circumstantial evidence and the circumstantial evidence is we did every we use the product properly which we did sufficiently allege as you said dr love says i've used this product before this is how i use it i did i used it properly and second there we eliminate the other possible causes and we have done that here so we essentially when you say texas law says that what's the strongest case so that is evidence plastics inc the u.s steel corp 772 southwest 2nd 442 and we cited that in our brief yeah starting on page 444 and 445 in particular the quote is evidence of proper use of the goods together with a malfunction may be sufficient evidence of a defect and the other thing i want to point out when we're talking about this case law especially in regards to a lot of the case law that they are citing and a lot of the case law that exists about proving defects in the implied warranty context most of those cases are not in a 12b6 context they are in a evidentiary standard context of you know we went to trial or on summary judgment and you don't have sufficient evidence of the defect now because we are at the 12b6 stage it is a different standard for what we need to plead as opposed to what sort of evidentiary burden we will have later in the game and so our issue here is that we have made a sufficient allegation as to a breach of an implied warranty of merchantability claim we don't have to have put on evidence as to you know what the manufacturing defect is or how it occurred here that is that's for later in the game the very last thing that i wanted to touch on um with my last minute left is one of the arguments they make in their brief is about how the J&J entities and Ethicon LLC were innocent sellers and would not be proper parties that is a premature allegation at this point in time we certainly have discovery and evidence to support that allegation but that is not there has been no pleading and proving of whether or not they are proper parties that's not something that's been alleged and it's not something we've responded to and that's not something the district court has ruled on so to the extent they make that argument i believe it's premature all right if there are no further questions you save time for a vote miss white thank you very much mr hudson good morning your honors may it please the court this is a case about straightforward application of the pleading rules and the district court's discretion to determine when a plaintiff has pleaded its best case the district court correctly concluded in phillips one that the breach of implied warranty claim of merchant's ability should be dismissed with prejudice for two independent reasons lack of pre-suit notice and failure to adequately allege a defect plaintiffs agreed in their motion to enter the magistrate judge ruling that that merchant's claim should be dismissed albeit without prejudice so the issue that was before the district court is whether or not it was proper to dismiss that claim with prejudice and what is important your honors is what was in the record before judge pitman when he made the decision to dismiss this case with prejudice first we know the plaintiff had already amended their complaint once and they amended their complaint when they were on notice via ethicondo surgery's motion to dismiss in june of 2023 of the deficiencies in their complaint both with respect to notice and defect but from the public information without discovery how would they have known who was the manufacturer of this specific staple so and i just want to briefly correct what counsel for the plaintiff said in terms of the parties in the initial pleading that the correct parties that were named or excuse me the parties that were named in the was johnson and johnson ethicon inc and ethicon endosurgery inc for the court's benefit ethicon endosurgery inc is the proper defendant in these types of cases they are the manufacturer excuse me they're the designer the developer they handle all regulatory aspects marketing post-market surveillance etc johnson and johnson and ethicon inc are not proper so they had the right defendant from the get-go when did you how long did it take for you to tell them who it whose staple it was i told them from the very beginning and that's ultimately what translated into their you told the plaintiffs from the very beginning who the manufacturer of the staple that was used in the decedent was absolutely and if that's not a correct statement we'll get a 28j telling us that i i feel very confident about that because i handle these cases for quite some time now and it is the only proper defendant all documents no but you identified it as the manufacturer of the staple used in the decedent surgery correct right from the start they may have been through conversations with counsel your honor but that that is the truth and that's what i would have said johnson and johnson and ethicon inc have no role with respect to the stapler at all it's a parent company and they just i just thought i heard her say it wasn't until much later a deposition of a staff member they said actually we got the product early it was used this this is the one so and and that's where i think there's a little bit of uh it's important to distinguish the entities there's a difference between johnson and johnson the parent company and johnson and johnson health care services which the plaintiffs claim they learned for the first time in april of 2024 was a potential seller we know that's not true because in their original complaint filed in may of 2023 they have allegation upon allegation about jj hcs's role johnson and johnson health care uh systems role with respect to the sale and marketing of the device so they've known that since they filed this argument is supported with record sites and it's in your brief yes your honor so you're saying they knew from the absolute beginning exactly who the seller was they just chose not to give them pre-suit notice so i think the the definition of seller is important ethicon endosurgery inc is the entity that's responsible for placing the stapler into the stream of conf of commerce for the court's benefit johnson and johnson health care systems or jj hcs is essentially just a warehouse it's a conduit that ethicon endosurgery uses to deliver the products so we've never taken the position that jj hcs places the product into the stream of commerce the entity that's responsible from the device from its conception all the way through market release and then post-market surveillance is and always will be ethicon endosurgery inc who they have named in their first original complaint and with whom they never gave appropriate pre-suit notice to why did the magistrate recommend dismiss without prejudice well it was somewhat confusing because the magistrate judge did indicate that it was inadequately pleaded and so that is exactly why we opposed their motion to have that order entered without prejudice and judge pitman ultimately agreed with us because you cannot cure the pre-notice issue by amendment the plaintiffs admit that as much and so it doesn't matter if they would have refiled this case a hundred different times the pre-suit notice issue would never be cured on the defect issue we certainly what is are you saying question i ask her what's texas state court law say is the cure for failure to give proper pre-suit notice is it dismissal with prejudice i think that the best course of action would have been dismissal if the plaintiffs would have dismissed their case and keep in mind they know what i'm asking you heard my question are there state court cases that say the cure is dismissal with prejudice do you have any cases saying that we have cases that go both ways okay and they're in the brief and and they and i believe they're in the brief yes your honor the issue though is what was presented to this court with respect to the record in this case and it's clear from the get-go pre-notice or pre-suit notice was never given and so as it as it relates to the only proper defendant in this case that cannot be cured by amendment and that's why they wanted the dismissal without prejudice but the court was very focused in terms of looking at whether or not this should be without prejudice or not and what's telling and i think it's important for the court to recognize when they filed their motion to enter the magistrate judge's ruling and we opposed it and said it should be with prejudice they did not file a reply brief to that opposition but had you simultaneously said to them listen we're getting close to mediation go ahead and amend it so is that in the record i'm glad you asked that no it's not in the record because i want to i want to make sure the court is fully aware of exactly what happened with respect to that mediation conversation on june 3rd the plaintiff's council called me and said hey we're thinking about amending our complaint this is what two weeks or so before mediation to add all new parts this is information they had had arguably at least since april of that year so they could have amended at any point since april or even before but they chose not to that was their own strategic decision so they asked me you know what do you think and i responded honestly i said i don't two weeks before mediation you're going to bring in a bunch of new parties i don't think that it's a good idea i think it's going to be more difficult for ethicon endosurgery to approve a settlement but ultimately that's their call they don't have to take what i say as the gospel i was just responding to the question they ultimately decided not to amend their claim it was really three days after that conversation that judge lane came out with his report and recommendation dismissing the case without prejudice one with prejudice one without prejudice and so and then four days later based on that ruling they ran off to state court and filed a lawsuit all that's very helpful from both you i obviously have to do a little more work we keep going sure yes your honor so with with respect to notice the court can affirm just based on the notice issue alone it's a fatal flaw in the pleading they never did anything to correct it they had multiple opportunities to do so and they failed to do so with respect to defect there is the pleading whether it's the original complaint or the first amended complaint the pleading is completely devoid of any allegation of defect what they have essentially alleged is a post-surgical complication which is a staple line dehiscence or you've probably seen the term anastomosis a breakdown of the anastomosis that is not a defect in the product that's what happened after use of the product eight days later it's important to look at what exactly was pled what they pled was that the stapler was fired by dr love yes they indicate he said he used it in accordance with the instructions that he tested it under air and water and what they do in these circumstances they insulate the belly so they blow the belly up and they they make it as airtight as possible and then they spray water into the staple line and if they see bubbling around the staple line then they know there's a potential leak that air is coming out of that staple line so this is a routine test that surgeons do to confirm that the staple line has good staple line integrity so he tested under air and water it's negative that's a great sign that means you've got a good staple line and for eight days there is no problem so what they've essentially alleged is the stapler worked exactly as intended for eight days you've got an airtight anastomosis and then he later shows up with an anastomotic leak but the pleading is completely devoid of any facts relating to the effective nature of the stapler so in cases like this you'll often see allegations of there might have been a problem with the firing issue of the stapler or when i read the deposition dr love is i did a great job of course and it came back and it was a catastrophic failure along the staple line and then we have the pathologist saying nothing else wrong in there then very carefully people take love through other possible but he rules them out and he does get close to saying the only thing that's left is the product defect would you agree with that or not i think that's a fair recitation but dr loves that they did or didn't put that in the original complaint the just what i've said as and then i guess the second level question that's a factual question does that suffice under plastic thing okay so let me answer the first question i don't believe that level of detail was in the first amendment complaint i do believe that they they do state that he he has indicated that he used the product in accordance with the instructions for use and and no that's not sufficient to establish defect under the law you have to allege that the product was in a defective condition when it left the hands of the manufacturer seller and there is not a single allegation in the first amendment complaint that goes to that so phillips inks doesn't stand for the two-part proposition she said malfunction plus proper use i'm sorry your honor can remember she said her best authority was phillips inks i did in the brief of plastics perhaps you're right you're right thank you um i do that plastics do you're familiar with the case it doesn't you're saying it there is a third element in in there no plastic stands for the proposition that you can use circumstantial evidence to support a defect allegation in an implied warranty case i do not dispute that at all but plastics also stands for the proposition that you have to allege a malfunction but they okay and and there is no malfunction here that's been alleged what you what's been alleged is a breakdown of the staple line you cannot find any allegation with respect to the defective nature of the stapler or staples in any portion of their first amendment complaint it's just not there and that's why both the ruled that that pleading was insufficient and if and yet we do know that they've subsequently supplemented it with the very descriptive you correct right and and i think what's important then you sort of wonder at 12 v6 should they kick it out when we now know that they actually were able to describe the well i think the timing of when they did that though is critical your honor keep in mind that they had all of this information prior to when the final judgment was entered on july 11 2024 by judge pitman it wasn't until after the final judgment was entered i believe was on august 8th of 2024 that they filed their motion for reconsideration and for the first time in phillips one attach a proposed second amended complaint that has these bolstered allegations and so they had multiple opportunities to cure these deficiencies whether it was through their first amended complaint whether when they responded to both motions to dismiss they could have attached a proposed amended complaint to that they could have articulated it in response and their motion to enter the magistrate judge's ruling they certainly could have filed a reply when we said these these claims should be dismissed with prejudice and that's what judge pitman said he said you should have filed a reply and at least explained to me what you think you could have done differently but they failed to do that and the standard here is abuse of discretion in terms of whether he appropriately denied leave to amend whether it should have been dismissed with prejudice or not so we're looking at was there an erroneous application of the law by judge pitman and the answer is clearly no based on the record that was before him in phillips one in phillips two your honor and full candor to the court they did use that more robust style of complaint but that's phillips two and that rises and falls with the dismissal of phillips one because that is the only way in which they have phrased phillips two's appeal to this court yeah so the other thing i want to make mention of is with respect to the issue on leave to amend because the plaintiffs take the position in this case and they cite a plethora of case law that 15a should freely that leave should be freely given and and i don't disagree with that general principle i think that's a fair statement but the problem here is they never appropriately asked for leave to amend what the plaintiffs have done in this case is in response to both motions to dismiss they added a perfunctory afterthought of a request in their prayer for relief that just said in the alternative we asked for request for leave to amend and this court has held time and time again that is not sufficient the row case we cite the circuit case we cite uh the willard case which we cite tenneco which is a case just last year all three of these cases the fifth circuit held that these perfunctory afterthought types of requests under 15a are insufficient and the reason is because you have to give some type of notice you have to provide some type of substance to the district court to put them on notice of why you want to amend that's why all of those cases held that their request for leave to amend was insufficient and improper the district court never not once was provided any information in terms of why they wanted to amend what new parties they potentially wanted to add what the substance of those new allegations would be and that's why i said in the beginning it's important to understand what the district court had before it when it entered dismissal of this case with prejudice it was only until after the final judgment did they attach this second amended complaint that has new parties i mean they never even asked the court to add new parties of phillips one until after the final judgment was entered and that's why the timeline is so important um if there's any other questions with respect to opportunities to amend and i and i know i've referenced this a few different times and i make mention of this because of the language that judge pitman used in his order dismissing phillips one with prejudice and i think this is important if you look at judge pitman's order and this is on page four of his order he states the first motion to dismiss raised substantially the same issues that were the subject of the present motion to dismiss remember we filed two motions to dismiss after the first amendment complaint inadequate pleading of the breach of warranty of merchant ability claim and failure to allege pre-suit notice plaintiffs were on notice of the deficiencies in their original complaint when they crafted their amended complaint and yet their amended complaint did not cure these deficiencies he goes on to say plaintiffs gave no indication of how they would amend their complaint to present a viable non-feudal claim for breach of warranty of merchant ability given that plaintiffs have previously had an opportunity to amend their complaint and failed to cure these deficiencies present in their original complaint the court finds that plaintiffs have already pleaded their best case i would also ask the court to consider the language judge pitman used when he denied plaintiffs motion for reconsideration he goes into great detail about the various opportunities the plaintiffs had to cure these deficiencies and elected not to this is a case about the pleading standard it's also unfortunately a case about strategic decisions that were made by plaintiffs counsel throughout the pendency of this case this case is not about a call about a mediation it's not about issues relating to equitable doctrines that the plaintiffs cite in their briefing that's not what this case is about it's what was before the district court and did the courts abuse its discretion when it dismissed this case with prejudice and the answer is clearly no well and that's what uh that's what miss white said in her opening statement she says it's a case about the 12b standard and about the right to amend she said exactly what you said that's what the case is well then i agree with her on that and with respect to 12b6 they have failed to state a claim that can survive dismissal on 12b6 with respect to defect but even but setting that aside the easier issues pre-suit notice it's not curable by defect they have done nothing to attempt to serve pre-suit notice to ethconendo surgery in phillips one they've admitted that as much in their brief on page 38 and on page 40 they admit that it's not curable by amendment and with respect to the motion for leave again you've got their perfunctory requests in response to the motions to dismiss and then you've got a request after the final judgment where judge pitman in footnote one does indicate that he is denying their request for for leave he indicates that the they claim they needed to file an amended complaint they have had for a long time some in some spots a year and at least since april of 2024 and they could have amended and he cites plaintiff's lack of diligence as a basis for denying leave which is one of the reasons why leave can be denied in addition to failing to cure deficiencies so your honor i know i'm coming up on my time i do want to just say though when we come back to the abuse of discretion standard is there an erroneous application of the law by judge pitman and the answer is absolutely not but on behalf of both of these consolidated appeals we asked the court to affirm we asked the court to take notice of the fact the plaintiff's had opportunity to secure these deficiencies and did not we asked the court to confirm the district court's ruling with respect to an inadequately pleaded defect and since phillips two rises and falls with phillips one we submit our briefs and we ask the court to affirm all right thank you mr hudson is white thank you your honors all right thank you your honors i do want to um agree with mr hudson there when he identified the first parties that we sued johnson and johnson ethicon ink and ethicon indo that's correct and then in our second suit against the state court johnson and johnson health care services ethicon llc so there are a lot of johnson and johnson entities and to the extent i confused them i apologize to him he was correct in naming the first set of parties we sued and then the second set of parties was sued what i do want to talk about is the right to amend and the dismissal prejudice i do think and i agree with you judge smith that is in judge against and that is what this comes down to the issue we have is agreed a lack of pre-suit notice cannot be cured by amending it can only be cured by refiling but the law says you can cure it on refiling um there is some case law that we have cited to in our brief that says in instances where pre-suit notice was not given and a party seeks to amend in that case they sought to amend to drop that party and then without prejudice and refile it and the court denied them leave to amend this court said we don't think that's really fair you should be allow the opportunity to refile and cure a deficient a notice deficiency and we agree that that is the proper way that this case should have been handled the issue if that were true then there would never really be an effective requirement of pre-suit notice because the party could always dismiss and refile against the same defendant after having provided notice well you'll run into a statute of limitations issue eventually and so here we were still within the statute of limitations when we chose to refile and not only did we choose to refile against ethicon indo but we also were choosing to refile against new entities that did have pre-suit notice so the pre-suit notice was completely fixed on the state court filing the issue was the reason for failing to notice i'm not sure the for the failure to notice as to ethicon indo i know that we uh issued the notice so it wasn't because of misinformation i'm not sure it wasn't because of misinformation as to who which staple was used and which defendant was responsible for that staple well there is misinformation about which staple was used and which which party was the proper party to sue but i the pre-suit suit is filed on may 9th and notice is sent to the defendants on may 18th and some of those defendants were not parties and we sent notice to all the johnson and johnson entities on may 18th at that point some of them were parties to the suit and some of them were not and then additionally after that they issue a excuse me a mod complaint report that notes that johnson and johnson is aware that their stapler may have been the cause of death in mr phillips case and so we that is the document that was filed under seal here the issue with the motion to dismiss with prejudice is the fact that we did not have a meaningful opportunity to amend based on what the district court was saying were deficiencies in our complaint instead the district court said you need to rely on what the defendant said were deficiencies in your complaint and if you choose to stand on your complaint which we did that's the end of the story for you i'm going to dismiss with prejudice because i think that the defendants have properly alerted to your alerted you to your deficiencies and if i agree with them you don't have the opportunity to amend i don't think that is fair in the context of what uh the right to amend and 15a requires which is from our position the court tells you what is deficient in your pleadings and agrees or disagrees with the defendant and if that's the first time the court has spoken on the issue as a general rule this court says you have the opportunity to amend the issue with the futility of the amendment comes in with the notice issue if the court was taking the position that your your manufacturing defect pleading is insufficient or excuse me your the defect you've alleged for your implied warranty is insufficient and you have a notice insufficiency if he was going to dismiss on notice then what is the point in amending at this point to re to beef up the defect claim because we were taking the position of if you think there's an issue with the defect claim and you think there's an issue with notice if we're dismissing without prejudice we will fix all of it on refile and so that's why we have the motion to reconsider that we filed after the district court said i'm dismissing with prejudice because we said okay well if you wanted to see what our complaint was going to be here's what it was going to be here is how we were going to fix the defect allegations and the district court said i don't care with 30 seconds left is there anything else you want to correct that was stated legally or factually no your honor not i think mr hudson has stated his his version of the events and his version of so yes with that thank you very much and we would ask reverse and react thank you miss white your case both of today's cases are under submission and the court is in recess under the usual order